DECISION AND JOURNAL ENTRY
Defendant Andrea Kehoe appeals her conviction in the Lorain County Court of Common Pleas. We affirm.
Defendant pleaded guilty to one count of drug possession, in violation of R.C. 2925.11(A), a fifth degree felony. She was placed on probation but, after she violated the terms of probation, was later sentenced to a nine month prison term On January 13, 1998, after she completed the prison term, Defendant was placed under post-release control pursuant to R.C. 2967.28.
On May 19, 1999, Defendant was indicted on one count of escape, in violation of R.C. 2921.34(A)(1), for violating the terms of her post-release control. She pleaded not guilty to the charge. On July 30, 1999, Defendant moved to dismiss the indictment, arguing that R.C. 2967.28 was unconstitutional and, therefore, violation of post-release control cannot be a basis for a charge of escape.
The trial court held a hearing on Defendant's motion on September 20, 1999. After hearing argument by the parties, the trial court denied the motion. Thereafter, Defendant changed her plea to no contest. On January 3, 2000, the trial court sentenced Defendant to two years of community control. Defendant timely appealed to this court.
In her sole assignment of error, Defendant argues that R.C.2967.28 is unconstitutional. She contends that the statute violates due process and separation of powers. Her argument is without merit.
In Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph one of the syllabus, the Ohio Supreme Court held that "R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions." Based on the pronouncement of the Ohio Supreme Court, Defendant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BAIRD, P. J., CARR, J., CONCUR.